UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MICHAEL MONROE,
                    Plaintiff,

**OPINION AND ORDER**

v.

16 CV 2885 (VB)

SERGEANT GOULD of the Town of Haverstraw
Police Department; the TOWN OF
HAVERSTRAW POLICE DEPARTMENT; and
POLICE OFFICER ERIC RAMOS,
                    Defendants.
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Michael Monroe, proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983 against defendants Sergeant Gould, Police Officer Eric Ramos,[1] and the Town of Haverstraw Police Department, in connection with allegedly unlawful searches conducted at the scene of plaintiff's arrest on September 29, 2014, as well as a later body cavity search at the Haverstraw police station.

      Before the Court is defendants' motion for summary judgment. (Doc. #107).

      For the reasons set forth below, defendants' motion is GRANTED IN PART and DENIED IN PART.

      The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

---

[1] Officer Ramos was added to the amended complaint (Doc. #51-1) as a defendant pursuant to Magistrate Judge Smith's minute entry order of June 15, 2017, which followed her decision granting plaintiff leave to amend to add an unlawful search claim. (Doc. #58).

**BACKGROUND**

Defendants submitted briefs, a statement of material facts, and a declaration with supporting exhibits, and plaintiff submitted an opposition and an opposing statement of material facts. Together, they reflect the following relevant background.

On September 29, 2014, shortly after 1:00 a.m., Robert Rodriguez was driving plaintiff home from the Haverstraw Marina. As they were driving, plaintiff, who was sitting in the front passenger seat, noticed two police cars, a truck and a patrol car. Sgt. Gould, who was in one of the police cars, saw Mr. Rodriguez behind the wheel and knew Rodriguez's driver's license had been suspended. Sgt. Gould verified Rodriguez's license was suspended and summoned other officers to the scene. Before the officers could perform a traffic stop, however, Rodriguez stopped his vehicle across the street from plaintiff's home and plaintiff got out.

As plaintiff was crossing the street, Officer Ramos pulled up in a patrol car behind Rodriguez, activated his emergency lights, and got out of the car. Officer Ramos directed plaintiff to come back to Ramos's vehicle and put his hands on the hood. An officer frisked plaintiff but found nothing. Rodriguez was arrested for aggravated unlicensed operation of a vehicle in the second degree. Several officers, including Sgt. Gould, searched Rodriguez's vehicle, and Sgt. Gould found a plastic bag containing cocaine inside the vehicle's front passenger side. An officer arrested plaintiff, performed a second frisk, and found a gravity knife in plaintiff's pocket. Police later found marijuana in plaintiff's possession.

Later that night, at the Haverstraw police station, Sgt. Gould put on Latex gloves and directed plaintiff to lower his pants and underwear. Sgt. Gould told plaintiff that he worked in narcotics and knew that "guys like [plaintiff] like to stash drugs in their ass crack." (Pitcoff Decl. Ex. D ("Pl. Mar. 22, 2018, Dep.") at 65).

Sgt. Gould spread plaintiff's buttocks with his hands, and as plaintiff described the search, Sgt. Gould performed a visual inspection and "his finger penetrated" plaintiff's rectum. (Pl. Mar. 22, 2018, Dep. at 64). At his deposition, plaintiff said he was not sure if Sgt. Gould "grazed [that area] accidentally" or if it was part of the search. (Id.). Plaintiff also said that was the only time Sgt. Gould touched him in conducting the search. (Id. at 66).

After the body cavity search, Sgt. Gould searched and returned plaintiff's clothing. Plaintiff put his clothing back on; he was then fingerprinted, photographed and transported to the Rockland County Jail. Plaintiff said that while he has been subject to more than ten strip searches at the Rockland County Jail, he had never been subject to a search while naked at the Haverstraw police station before the September 29 search. (Pl. Mar. 22, 2018, Dep. at 47–49).

Plaintiff was ultimately charged with felony criminal possession of a weapon in the third degree, N.Y. Penal Law § 265.02(1);[2] misdemeanor criminal possession of a controlled substance in the seventh degree, id. § 220.03; and unlawful possession of marijuana, a violation, id. § 221.05.

Plaintiff later pleaded guilty to misdemeanor criminal possession of a controlled substance in full satisfaction of the charges.

---

[2] According to the felony complaint, plaintiff was charged with felony criminal possession of a weapon because he possessed a gravity knife, which would otherwise constitute misdemeanor criminal possession of a weapon, after having previously been convicted of a crime. (Pitcoff Decl. Ex. E).

**DISCUSSION**

I.    <u>Legal Standard</u>

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law. . . . Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. at 248. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." <u>Wilson v. Nw. Mut. Ins. Co.</u>, 625 F.3d 54, 60 (2d Cir. 2010) (citation omitted). It is the moving party's burden to establish the absence of any genuine issue of material fact. <u>Zalaski v. City of Bridgeport Police Dep't</u>, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party has failed to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate. <u>Celotex Corp. v. Catrett</u>, 477 U.S. at 323. If the non-moving party submits "merely colorable" evidence, summary judgment may be granted. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. at 249–50. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." <u>Brown v. Eli Lilly & Co.</u>, 654 F.3d 347, 358 (2d Cir. 2011) (internal citations omitted). The

mere existence of a scintilla of evidence in support of the non-moving party's position is likewise insufficient; there must be evidence on which the jury could reasonably find for him. Dawson v. Cty. of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party. Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003). If there is any evidence from which a reasonable inference could be drawn in favor of the non-moving party on the issue on which summary judgment is sought, summary judgment is improper. See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004). The Court need only consider evidence that would be admissible at trial. Nora Bevs., Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998).

II.     Searches Incident to Arrest

Defendants argue the claim relating to the search revealing cocaine in Rodriguez's vehicle is barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), and, as a matter of law, the search revealing the gravity knife and marijuana was proper as it was incident to plaintiff's arrest.

The Court agrees.

    A.      Search Revealing Cocaine

In Heck v. Humphrey, the Supreme Court held, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87 (footnote omitted). "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. A damages action may not necessarily imply a prior state conviction was unlawful if, despite the constitutional violation, the subject evidence was admissible based on such doctrines as independent source, inevitable discovery, and harmless error. See id. at 487 n.7. "[D]istrict courts have frequently found that Section 1983 actions targeting a single episode involving a single search, necessarily demonstrate the invalidity of a conviction based on that search." See El v. City of New York, 2015 WL 1873099, at *4 (S.D.N.Y. Apr. 23, 2015); Clayton v. City of Poughkeepsie, 2007 WL 2154196, at *4 (S.D.N.Y. June 21, 2007) (same).[3]

Here, plaintiff does not contend his conviction for criminal possession of a controlled substance has been invalidated in any way by any state or federal court or any other state or federal official. Furthermore, the undisputed facts demonstrate that plaintiff's conviction stems solely from the evidence obtained in the September 29, 2014, search revealing cocaine in the front passenger's side of Rodriguez's vehicle—in other words, a single episode involving a single search. Having pleaded guilty to criminal possession of a controlled substance, success on plaintiff's Section 1983 claim that the search was unlawful would necessarily imply the invalidity of his conviction.

---

[3] Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

6

Therefore, plaintiff's claim concerning the search which led to the discovery of cocaine is barred by Heck v. Humphrey, 512 U.S. at 486–87.

B. Search Revealing Knife and Marijuana

Furthermore, upon an arrest, an officer may lawfully search an arrestee's person and the area within his immediate control. See United States v. Perea, 986 F.2d 633, 643 (2d Cir. 1993).

The undisputed facts show plaintiff was arrested before the second search revealed the gravity knife and marijuana. No additional suspicion was needed before the officer could lawfully conduct the search. Therefore, plaintiff's claim concerning this search fails as a matter of law.

Accordingly, defendants are entitled to summary judgment with respect to plaintiff's claims based on searches conducted at the scene of his arrest on September 29, 2014.

III. Body Cavity Search at Police Station

Although defendants do not explicitly concede that the body cavity search at the police station violated plaintiff's right to be free from unreasonable searches, the only basis upon which they seek summary judgment is that Sgt. Gould is entitled to qualified immunity. Specifically, defendants contend that Sgt. Gould is "entitled to qualified immunity because when the events in question occurred it was not clearly established that a body cavity search of an individual arrested for felony drug possession[4] in a police station violated any Constitutional right of the arrestee." (Def. Br. at 7).

The Court disagrees.

---

[4] As noted above, plaintiff was not arrested for felony drug possession; he was arrested for misdemeanor drug possession.

7

Qualified immunity shields government officials whose conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (citations omitted). The scope of qualified immunity is broad, and it protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). "Defendants bear the burden of establishing qualified immunity." Garcia v. Does, 779 F.3d 84, 92 (2d Cir. 2015).

"The issues on qualified immunity are: (1) whether plaintiff has shown facts making out violation of a constitutional right; (2) if so, whether that right was 'clearly established'; and (3) even if the right was 'clearly established,' whether it was 'objectively reasonable' for the officer to believe the conduct at issue was lawful." Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013) (quoting Taravella v. Town of Wolcott, 599 F.3d 129, 133–34 (2d Cir. 2010)).

Whether it was "objectively reasonable" for an officer to believe his search of a naked individual was lawful depends on the type of search performed. Courts have categorized three such searches that "vary in their level of intrusiveness." See United States v. Gonzalez, 111 F. Supp. 3d 416, 431 (S.D.N.Y. 2015). A strip search allows officers to inspect a subject when "he stands naked in their presence." Id. A more invasive search, a so-called visual body cavity search, "requires the subject to hold his buttocks open to allow officers to visually inspect his anus." Id. As the name indicates, visual body cavity searches involve no touching. See Gonzalez v. City of Schenectady, 728 F.3d at 158; Covino v. Patrissi, 967 F.2d 73, 75 (2d Cir. 1992). A manual body cavity search, "the most invasive type of search," "crosses from a visual to a manual inspection of the subject's body cavity." United States v. Gonzalez, 111 F. Supp. 3d

8

at 431 (alterations omitted). This search includes "some degree of touching or probing of body cavities." Harris v. Miller, 818 F.3d 49, 58 (2d Cir. 2016).

In addition to the type of search performed, courts also consider whether the individual's preceding arrest was for a misdemeanor or felony, whether it involved drugs, whether the individual would soon be surrounded by other inmates or arrestees or housed alone, whether the search occurred privately, and whether the search was performed pursuant to reasonable suspicion or because of a blanket policy. See Gonzalez v. City of Schenectady, 728 F.3d at 162. After considering these factors, the Second Circuit has found an officer was shielded by qualified immunity for a suspicionless visual body cavity search. Gonzalez v. City of Schenectady, 728 F.3d at 162. A reasonable officer, the court noted, "would not have understood that conducting an otherwise suspicionless visual body cavity search of a person arrested for a felony drug offense was unlawful." Id.

Here, police conducted a manual body cavity search without reasonable suspicion that plaintiff was concealing contraband inside his body. The search was not a visual body cavity search, because Sgt. Gould touched plaintiff while conducting the search, specifically using his hands to spread plaintiff's buttocks and penetrating plaintiff's rectum with a finger—either accidentally or intentionally. Therefore, the search included "some degree of touching or probing of body cavities." Harris v. Miller, 818 F.3d at 58.

Nor did Sgt. Gould have a reasonable suspicion that plaintiff, who had been arrested for misdemeanor drug possession and possession of a gravity knife, was concealing contraband inside his body. While officers found plaintiff walking away from a vehicle containing cocaine, and a subsequent search of plaintiff revealed marijuana and a gravity knife on his person, an arrest for a narcotics-related crime does not "automatically give[] rise to reasonable suspicion

9

that drugs are being carried in an arrestee's body cavities." See Sarnicola v. Cty. of Westchester, 229 F. Supp. 2d 259, 273 (S.D.N.Y. 2002). Defendants do not point to plaintiff's physical appearance, apparent discomfort, or any suspicious actions or other articulable facts which might have suggested he was hiding something <u>inside</u> his body.

Having determined Sgt. Gould performed a manual body cavity search absent reasonable suspicion, the Court finds it was not objectively reasonable for Sgt. Gould to believe that conducting a suspicionless manual body cavity search was lawful. Binding and persuasive precedent predating the September 29, 2014, search dictates such a result. For example, the Supreme Court has held that police searches within the body require a special heightened standard. See Schmerber v. California, 384 U.S. 757, 770 (1966) (noting "intrusions beyond the body's surface are forbidden by the Fourth Amendment in the absence of clear indication that the evidence will be found"). Furthermore, the New York Court of Appeals addressed the very question posed here—whether suspicionless manual body cavity searches require heightened suspicion—and found such intrusive searches are subject to a stricter standard. People v. Hall, 10 N.Y.3d 303, 309 (2008) ("Because a manual cavity search is more intrusive and gives rise to heightened privacy and health concerns, when weighed against the legitimate needs of law enforcement, we believe it should be subject to a stricter legal standard" than reasonable suspicion.). In 2013, the Second Circuit recognized New York's rule in Gonzalez v. City of Schenectady. See 728 F.3d at 162; see also Rodriques v. Furtado, 950 F.2d 805, 811 (1st Cir. 1991) (finding a manual body cavity search was reasonable in a private, hygienic, and medically approved manner after issuance of a warrant upon probable cause). Therefore, because it was not objectively reasonable for Sgt. Gould to believe this suspicionless manual body cavity search was lawful, he is not entitled to qualified immunity.

Accordingly, plaintiff's claim that he was subjected to an unlawful manual body cavity search at the police station survives summary judgment.

IV. Remaining Claims

Plaintiff also brings a claim against the town's police department. Because the police department is not a suable entity,[5] the Court construes this claim as a claim against the Town of Haverstraw for allegedly having a policy or custom that results in unlawful body cavity searches of arrestees.

A municipality may be liable for deprivation of constitutional rights under Section 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) ("Monell"). Thus, to assert a Section 1983 claim against the town, plaintiff must allege the existence of an official policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. See Jones v. Town of E. Haven, 691 F.3d 72, 80 (2d Cir. 2012).

Plaintiff's Monell claim against the town relies solely on the body cavity search incident to his September 29, 2014, arrest. Plaintiff fails to mention any other alleged incidents involving similar conduct. See Newton v. City of New York, 566 F. Supp. 2d 256, 271 (S.D.N.Y. 2008) (stating that ordinarily, "a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee"). In fact, plaintiff testified that while he has been

---

[5] Under New York law, a municipal police department has no separate legal identity apart from the municipality which created it. Therefore, it cannot be sued. See Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002).

11

arrested and booked by town police on other occasions, the September 29, 2014, arrest was the only time he was subjected to a search while naked. (Pl. Mar. 22, 2018, Dep. at 48–49).

Therefore, plaintiff fails plausibly to allege a Monell claim, and the claim against the Town of Haverstraw is dismissed.

## CONCLUSION

The motion for summary judgment is GRANTED IN PART and DENIED IN PART.

Defendants' motion is GRANTED as to plaintiff's claims concerning searches at the scene of his arrest revealing cocaine and the gravity knife and marijuana, as well as his Monell claim against the Town. Defendants' motion is DENIED as to the manual body cavity search conducted by Sgt. Gould at the Haverstraw police station.

Plaintiff and defense counsel are directed to appear for an in-person conference in Courtroom 620 at the White Plains Courthouse on April 8, 2019, at 2:30 p.m., at which time the Court will address all remaining case management and scheduling issues.

The Clerk is instructed to terminate defendants Police Officer Eric Ramos and the Town of Haverstraw Police Department.

The Clerk is further instructed to terminate the motion. (Doc. #107).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: March 14, 2019
      White Plains, NY               SO ORDERED:

Vincent L. Briccetti
United States District Judge